McCULLY & BEGGS, P.C.
Suite 200, Pan American Building
139 Murray Boulevard
Hagatna, GU  96932
Telephone:  (671) 477-7418

Attorneys for Defendant

**FILED**
**DISTRICT COURT OF GUAM**

OCT 1 9 2007 ɲᴸᶜ

**JEANNE G. QUINATA**
**Clerk of Court**

IN THE DISTRICT COURT OF GUAM

**07-00029**

JJ PACIFIC DEVELOPMENT
CORPORATION,

      Plaintiff,

      v.

LPP MORTGAGE LTD.,

      Defendant.

CIVIL NO. _____

NOTICE OF REMOVAL

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

TO THE HONORABLE JUDGES OF THE DISTRICT COURT OF GUAM AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant, LPP MORTGAGE LTD., a Texas Limited Partnership, ("LPP Mortgage"), respectfully provides notice that pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446(a) and 48 U.S.C. § 1424(b), LPP Mortgage is removing a claim pending in the Superior Court of Guam: JJ Pacific Development Corporation v. LPP Mortgage Ltd., Civil Case No. CV1071-07 ("Superior Court Action").

The following is a short and plain statement of the grounds for removal:

# ORIGINAL

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

1.   On September 25, 2007, Plaintiff ("JJ Pacific"), which is a Guam Corporation with its principal office on Guam, filed a Complaint against LPP Mortgage in the Superior Court Action.   Attached is a true and correct copy of the complaint filed by JJ Pacific in the Superior Court Action.

2.   The complaint has not been served upon LPP Mortgage. Counsel for LPP Mortgage became aware of the filing of the complaint on September 26, 2007.   Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3.   This action is an action over which the Federal District Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by LPP Mortgage pursuant to 28 U.S.C. § 1441, because:

a.   The action is a civil action between citizens of different states:

   i.   JJ Pacific is a Guam corporation with its principal place of business on Guam;

   ii.   LPP Mortgage Ltd. is a Texas Limited Partnership with its principal place of business in the State of Texas;

b.   The amount in controversy exceeds the sum of $75,000.00.

4. Removal of this action on the basis of diversity of citizenship is not precluded by 42 U.S.C. § 1441(b) because LPP Mortgage is not a citizen of Guam, the jurisdiction in which this action was brought.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this Court is the district embracing the place where such action is pending.

6. No previous application for removal has been made.

7. This Notice of Removal has been served on all named parties to the removed case.

WHEREFORE, LPP Mortgage respectfully removes the original action brought by JJ Pacific now pending in the Superior Court of Guam from that court to this court.

DATED:  October 19, 2007.

McCULLY & BEGGS, P.C.,
Attorneys for LPP Mortgage Ltd.

MARK S. BEGGS

F# BBC-38

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

FILED
SUPERIOR COURT
OF GUAM

207 SEP 25 PM 4: 44

CLERK OF COURT
BY:

1 | CALVO & CLARK, LLP
Attorneys at Law
2 | 655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
3 | Telephone:    (671) 646-9355
Facsimile:    (671) 646-9403
4
| Attorneys for Plaintiff
5

6

7 | IN THE SUPERIOR COURT OF GUAM

8 | JJ PACIFIC DEVELOPMENT          )   CIVIL CASE NO. **CV** 1 0 7 1-0 7
CORPORATION,                    )
9 |                 Plaintiff,      )
                                )
10 |        vs.                    )   COMPLAINT
                                )
11 | LPP MORTGAGE LTD.,             )
                                )
12 |                 Defendant.     )
_____)
13

14 |       Comes now, Plaintiff JJ Pacific Development Corporation ("JJ Pacific") by and through

15 | its attorneys, Calvo and Clark, LLP, for its Complaint against Defendant LPP Mortgage Ltd., and

16 | hereby alleges as follows:

17 |       This Complaint seeks to quiet title in certain real property located in the Territory of

18 | Guam and to recover damages for slander of title, or in the alternative for a declaratory judgment

19 | confirming Plaintiff's right to redeem foreclosed property.

20 | **I. JURISDICTION**

21 |       1.    Jurisdiction over the claims arising in this action is proper in this Court pursuant

22 | to 7 G.C.A. § 3105.

23 | **II. PARTIES**

24 |       2.    Plaintiff is, and all times mentioned herein was, a Guam corporation doing

25 | business on Guam, and is the fee simple owner of Lot No. 1130-2-4, Mong Mong-Toto-Maite, together

26 | with all improvements thereon (the "Property").

27

28

G0025608.DOC;2                                                                        1

3.    Upon information and belief, Defendant is a Texas corporation not registered or licensed to do business on Guam, which holds mortgages on several real properties throughout the Island assigned to it from the Small Business Administration (the "SBA").

### III. BACKGROUND FACTS

4.    In 1993, JJ Pacific obtained a $500,000 loan from the SBA, evidenced by a promissory note (the "Note") and secured with a mortgage on the Property. A copy of the mortgage is attached hereto and incorporated herein as Exhibit A (the "Mortgage"). On information and belief, SBA assigned the Note and Mortgage to Defendant in October 2002.

5.    On December 27, 2006, Defendant issued and recorded a Notice of Default and Election to Sell Under Mortgage by Power of Sale; and on March 2, 2007, Defendant issued a Notice of Sale Under Mortgage, recorded on March 5, 2007. A copy of the Notice of Sale Under Mortgage is attached hereto and incorporated herein as Exhibit B (the "Notice of Sale").

6.    Pursuant to the Notice of Sale, Defendant scheduled a foreclosure sale of the Property for April 20, 2007 at 2:00 p.m., at the courthouse for the United States District Court. Defendant did not sell the Property on April 20, 2007, but instead purports to have sold it on July 30, 2007.

7.    On August 6, 2007, Defendant caused a Deed Pursuant to Exercise of Power of Sale in Mortgage (the "Deed") to be recorded at the Department of Land Management, in which Defendant purported to act as attorney-in-fact for JJ Pacific and purported to transfer fee simple title from JJ Pacific as Grantor to Defendant as Grantee. A copy of the Deed is attached hereto and incorporated herein as Exhibit C.

8.    On or about August 27, 2006, JJ Pacific, by and through its legal counsel, requested through Defendant's counsel that it be informed of the redemption amount of the Property.

9.    On or about September 13, 2007, Defendant, by and through its counsel, replied that Defendant does not recognize a right of redemption for a non-judicial sale on Guam and refused to respond to JJ Pacific's request to redeem, or to allow JJ Pacific to redeem, the Property. A copy of Defendant's September 13, 2007 letter is attached hereto and incorporated herein as Exhibit D.

1         10.    As a consequence of the Deed, Defendant claims a fee simple interest in the

2   Property adverse to JJ Pacific, which claim is not true.

3         11.    On or about September 18, 2007, Defendant, by and through its agent Century

4   21 Realty Management Company, Inc., sent a letter to the tenants of the Property and has demanded

5   that all rental payments be made to Defendant's agent. A copy of Defendant's agent's letter of

6   September 18, 2007 is attached hereto and incorporated herein as Exhibit E. After September 18, 2007,

7   Defendant's agent has also contacted several of the tenants of the Property in person demanding both

8   the payment of rent and a copy of the tenants' respective lease agreements under threat of eviction.

9

10  ### IV. FIRST CAUSE OF ACTION
    ### QUIET TITLE; NO POWER OF ATTORNEY

11        12.    Plaintiff realleges and incorporates by reference the allegations contained in

12  paragraphs 1 through 11 above as though fully set forth herein.

13        13.    At no time did JJ Pacific ever grant a power of attorney to Defendant to act as

14  JJ Pacific's attorney-in-fact, nor did JJ Pacific ever grant the right of delegation to the SBA, the

15  "mortgagee" under the Mortgage, such that SBA may authorize Defendant to act as JJ Pacific's

16  attorney-in-fact.

17        14.    The Deed, having been executed by Defendant purporting to act as JJ Pacific's

18  agent is null and void and of no force and effect, and it constitutes a cloud on JJ Pacific's title to the

19  Property, causing JJ Pacific damages in an amount to be proven at trial.

20        15.    Defendant's claim of a fee simple interest in the Property is without any merit

21  or right whatever, and Defendant has no right to, nor interest in, the Property or any part thereof.

22        16.    The Deed, having been executed by Defendant purporting to act as JJ Pacific's

23  agent is null and void and of no force and effect, and it constitutes a cloud on JJ Pacific's title to the

24  Property, causing JJ Pacific damages in an amount to be proven at trial.

25

26  ### V. SECOND CAUSE OF ACTION
    ### QUIET TITLE; FAILURE TO RECORD A PROPER DEED

27        17.    Plaintiff realleges and incorporates by reference the allegations contained in

28  paragraphs 1 through 11 above as though fully set forth herein.

G0025608.DOC;2                              3

18.     Guam Code Annotated Title 7 Section 23122 provides that the sale at foreclosure of any real property when the estate therein is more than a leasehold of two (2) years unexpired term must be evidenced by a certificate of sale recorded at the Department of Land Management declaring that the real property is subject to redemption. *See also Paulino v. Biscoe*, 2000 Guam 13, ¶ 22.

19.     The Deed fails to contain a declaration that the Property is subject to redemption and, therefore, is null and void and of no force and effect, and it constitutes a cloud on JJ Pacific's title to the Property, causing JJ Pacific damages in an amount to be proven at trial.

## VI.  THIRD CAUSE OF ACTION
## QUIET TITLE; FAILURE TO FOLLOW MORTGAGE TERMS

20.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above as though fully set forth herein.

21.     The Mortgage requires that as the condition to any private sale, notice of the time, terms and place of such sale must be given at least once a week for four weeks prior to the sale of the Property.

22.     Defendant failed to publish the notice of the sale as required by the Mortgage.

23.     As a result of the failure of Defendant to satisfy the notice requirements of the Mortgage, any purported sale by foreclosure is null and void and of no force and effect, and the Deed is null and void and of no force and effect, and it constitutes a cloud on JJ Pacific's title to the Property, causing JJ Pacific damages in an amount to be proven at trial.

## VII.  FOURTH CAUSE OF ACTION
## SLANDER OF TITLE

24.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

25.     Defendant's publication and recordation of the Deed was intentional, reckless, with wanton disregard of JJ Pacific's rights and/or without any legal justification, thereby maliciously intending to injure JJ Pacific.

26.     Defendant's agent has contacted some, if not all, of the tenants of the Property and has threatened the tenants with eviction if the tenants did not surrender a copy of their lease agreement and start paying rent to Defendant's agent.

27.     As a result of Defendant's threats, at least one of the tenants has now refused to pay over any rent to JJ Pacific, thus causing JJ Pacific special damages and exemplary damages in an amount to be proven at trial.

## VIII.  FIFTH CAUSE OF ACTION
## DECLARATORY JUDGMENT

28.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above as though fully set forth herein.

29.     Guam law provides for a right of redemption after private sale. *Paulino v. Biscoe*, 2000 Guam 13, ¶ 22; and *Bank of Guam v. Del Priore*, 2001 Guam 10, ¶ 23.

30.     Because Defendant has refused to allow JJ Pacific to redeem the Property, an actual controversy exists between the parties for which Plaintiff has no adequate remedy at law other than to seek judicial resolution of the dispute as herein requested.

WHEREFORE, Plaintiff JJ Pacific prays as follows:

1.     That JJ Pacific be adjudged to be the absolute and unqualified owner, in fee simple, of the Property;

2.     That the Court adjudge that Defendant has no estate in the Property;

3.     That the Deed be declared null and void and of no effect;

4.     Or, in the alternative, that the Court declare that JJ Pacific be declared to have a right of redemption in the Property, and that Defendant be enjoined from denying JJ Pacific from exercising such right in accordance with Guam law;

5.     That JJ Pacific be awarded its general, special, consequential and exemplary damages in an amount to be proved at trial.

6.     That JJ Pacific be granted its reasonable attorneys' fees;

//
//

7.   That JJ Pacific be awarded its costs and post-judgment interest;

8.   For such other relief as the Court may deem proper.

Dated this 25th day of September, 2007.

CALVO & CLARK, LLP
Attorneys at Law
Attorneys for Plaintiff


By: _____
     ARTHUR B. CLARK

# EXHIBIT "A"

# MORTGAGE
### (Direct)

495001

This mortgage made and entered into this 20th day of January 19 93 , by and between J.J. Pacific Development Corporation P.O. Box 6403 Tamuning, Guam 96931 (hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at Pacific Daily News Building, Room 508, 238 Archbishop F.C. Flores Street Agana, Guam 96910

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the Municipality/Village of Sinajana Territory of Guam,

That certain piece or parcel of land situated in the Municipality of Sinajana, Territory of Guam, designated by Cadastral Lot Number 1130-2-4, Mapas, Sinajana, Guam, Estate No. 62750, Suburban, containing an area of 21,528± sq.ft./2,000± sq. m., as shown on Map Dwg. No. 022485, prepared by D.L. Hotson RLS No. 18, dated October 17, 1974.

TERRITORY OF GUAM, DEPARTMENT OF LAND MANAGEMENT
OFFICE OF THE RECORDER      495001
INSTRUMENT NUMBER _____
This instrument was filed for record on _____ 17
Day of _____ Jan 5 , 19 73 , at 11 V P.M. A.M.
and duly recorded in Book _____ Official at Page
_____ , Recording Fee $8 Voucher No. _____
_____ Deputy Recorder

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated January 20, 1993 in the principal sum of $ 500,000.00 , signed by James D.J. Ji, President & Ia Chun Ji, Secretary in behalf of James Ji Enterprises, Inc.and a guaranty signed by James D.J. Ji and Young Hee Ji and J.J. Pacific Development Corporation securing said Promissory Note.
SBA Form 927 (3-78) Previous Editions are Obsolete.

3. The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

   (I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001(a); or

   (II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal, county, or city courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

   (III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4. The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5. In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement.

6. In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7. The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8. No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9. In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1(d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

10. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

1. The mortgagor covenants and agrees as follows:

a. He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided

b. He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the said mortgagee.

c. He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

d. For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

e. The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

f. He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

g. He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

h. He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

i. He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

j. All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

k. The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2. Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

495001

495001

Corporation

*Territory of Guam.

On this *15th* day of *September*, *1993*, before me, the undersigned notary, personally appeared *YOUNG HEE JI & HYUNG H. LEE*, the person(s) whose name(s) (is) (are) signed on the preceding or attached document, and acknowledged to me that (he) (she) (they) signed it voluntarily for its stated purpose as ___ *PRESIDENT / SECRETARY* for *JJ. PACIFIC DEVELOPMENT* ___, a corporation.

*Doris A. Cepeda*

official signature and seal of notary



DORIS A. CEPEDA
NOTARY PUBLIC
In and for the Territory of Guam, U.S.A.
My Commission Expires: Nov. 30, 1996
P. O. Box 500 Agana, Guam 96910

11. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at    P.O. Box 6403 Tamuning, Guam  96931

and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at    Pacific Daily News Building - Room 508
238 Archbishop F.C. Flores Street
Agana, Guam  96910

In Witness Whereof, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

J.J. Pacific Development Corporation

By: _____
        Young Hee Ji, President

By: _____
        Hyung H. Lee, Secretary


"Territory of Guam.

On this _15th_ day of _September_, _1993_, before me, the undersigned notary, personally appeared  _Young Hee Ji and Hyung H. Lee_

_____, the person(s) whose name(s) (is) (are) signed on the preceding or attached document, and acknowledged to me that (he) (she) (they) signed it voluntary for its stated purpose.

_____
official signature and seal of notary

DORIS A. CEPEDA
NOTARY PUBLIC
In and for the Territory of Guam, U.S.A.
My Commission Expires: Nov. 30, 1936
P. O. Box 580 Agana, Guam 96910

MORTGAGE

TO

U. S. SMALL BUSINESS ADMINISTRATION

RECORDING DATA

RETURN TO:

U.S. SMALL BUSINESS ADMINISTRATION

Name _____

Address  P.O. BOX 5B-C

AGANA, GUAM  96910

# EXHIBIT "B"

Recording requested )
by LPP MORTGAGE, )
LTD. After )
recordation )
deliver copies to )
McCULLY & BEGGS, )
P.C., Suite 200, )
139 Murray Blvd., )
Hagatna, Guam. )
The real property )
affected by this )
instrument is reg- )
istered land, the )
registered owner )
being JJ PACIFIC )
DEVELOPMENT )
CORP. The last )
certificate of )
registration is )
number 79800. )
                  )

Island of Guam, Government of Guam
Department of Land Management Office of the Recorder

File for Instrument No. __7 5 1 4 7 3__

On the Year __07__ Month __03__ Day __05__ Time __2:0?__

Recording __10__ Receipt No. __977__

Deputy Recorder _____

NOTICE OF SALE UNDER MORTGAGE

NOTICE IS HEREBY GIVEN, pursuant to 18 G.C.A. §36113, Paragraph (II) of the below described mortgage and the Notice of Default recorded on December 27, 2006 as Instrument No. 747873, that the mortgage ("Mortgage") executed on January 20, 1993 by J.J. PACIFIC DEVELOPMENT CORPORATION, ("Mortgagor"), in favor of U.S. Small Business Administration, and filed for record in the Department of Land Management, Government of Guam, on September 17, 1993 as Instrument No. 495001, will be FORECLOSED pursuant to a POWER OF SALE contained in the Mortgage.

The Mortgage was assigned to LPP MORTGAGE, LTD. ("Mortgagee") by means of an Assignment of Mortgage, which was executed on June 29, 2001 and recorded with the Department of Land Management, Government of Guam, on October 1, 2002 as Instrument

ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5655

1  No. 663554.

2  The property described below will be sold, WITHOUT

3  WARRANTY BEING GIVEN, express or implied, regarding title,

4  possession, rights of redemption or encumbrances, to the highest

5  bidder at public auction, to be held at the courthouse for the

6  United States District Court, District Court of Guam, 520 West

7  Soledad Avenue, Hagatna, Guam 96910 at 2:00 p.m. on April 20, 2007,

8  in order to satisfy the amount due on the Mortgage and its

9  promissory note at the time of the sale.  Terms of the sale are

10 cash, certified check or other terms deemed acceptable by

11 Mortgagee.  The Mortgagee reserves the right to bid all or part of

12 the amount due on the Mortgage at the time of the sale; to reject

13 any bid made at the sale and to withdraw this notice and postpone

14 the sale from time to time.

15 The property subject to the mortgage and to be sold at

16 sale is as follows:

17          Lot    No.    1130-2-4,    Mongmong-Toto-Maite
           (formerly Sinajana), Guam, Estate No. 62750,
18         Suburban, as said lot is marked and designated
           on Map Drawing No. 022485, dated October 17,
19         1974 and recorded in the Department of Land
           Management, Government of Guam, as Instrument
20         No. 364669.  Area: 2,000± square meters.

21 The amount due the Mortgagee is for the sum of

22 $347,860.82, accrued interest as of October 10, 2006 of $2,706.82,

23 interest at the rate of 4% from October 10, 2006 to the date of

24 full payment, attorney fees, and costs of this sale.

25 ///

26 ////

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 130 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

2

Dated this 2nd day of March 2007.

McCULLY & BEGGS, P.C.,
Attorneys for LPP Mortgage Ltd.

By _____
MARK S. BEGGS

GUAM          )

On this 2nd day of March 2007, before me, the undersigned Notary, personally appeared, MARK S. BEGGS, the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose, as attorney for LPP MORTGAGE LTD.

MAUREEN E. TAITANO
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: Aug. 15, 2010
Ste. 200, 139 Murray Blvd., Hagatna

f# BBC-38

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

3

# EXHIBIT "C"

Recording requested
by LPP MORTGAGE LTD.
After recordation
deliver copies to
McCULLY & BEGGS,
P.C., Suite 200, Pan
American Building,
139 Murray Blvd.,
Hagatna, Guam
96910. The real
property affected by
this instrument is
registered land. The
registered owner is
JJ PACIFIC
DEVELOPMENT CORP.
The last certificate
of title is 79800.

Island of Guam, Government of Guam
Department of Land Management Office of the Recorder

File for Record is Instrument No. _____  **7 6 0 7 1 6**

On the Year _O 7_ Month _0 8_ Day _7_ Time _____

Recording Fee _____

Deputy Recorder _____

MARIA I. NGATA

## DEED PURSUANT TO EXERCISE OF
## POWER OF SALE IN MORTGAGE

TO ALL TO WHOM THESE PRESENTS MAY COME, GREETINGS:

KNOW YE, that JJ PACIFIC DEVELOPMENT CORPORATION, ("Grantor"), whose mailing address is: P.O. Box 6403, Tamuning, Guam 96911, acting through its Attorney-in-Fact, LPP MORTGAGE LTD., ("Mortgagee"), hereby transfers and conveys without warranty express or implied to LPP MORTGAGE LTD., ("Grantee"), whose address is 6000 Legacy Drive, Plano, Texas 75024, all that real property described as follows:

Lot No. 1130-2-4, Mongmong-Toto-Maite (formerly Sinajana), Guam, Estate No. 62750, Suburban, as said lot is marked and designated on Map Drawing No. 022485, dated October 17, 1974 and recorded in the Department of Land Management, Government of Guam, as Instrument No. 364669. Area: 2,000± square meters.

This conveyance is made pursuant to the powers conferred on the Mortgagee (Grantee being the current Mortgagee)by the mortgage executed by Grantor, as Mortgagors,

**7 6 0 7 1 6**

to U.S. Small Business Administration (the "SBA"), as Mortgagee, on January 20, 1993 and filed with the Department of Land Management, Government of Guam, on September 17, 1993 as Instrument No. 495001. The mortgage was assigned for valuable consideration by the SBA to Grantee by an assignment executed on June 29, 2001 and recorded with the Department of Land Management, Government of Guam, on October 1, 2002 as Instrument No. 663554 as corrected by the Correction of Assignment of Notes and Liens Mortgage) which was executed on March 2, 2007 and recorded with the Department of Land Management, Government of Guam, on April 3, 2007 as Instrument No. 753171.

This conveyance is made as authorized by Paragraph 3 of the Mortgage and all of the conditions precedent to this conveyance have been fulfilled in that the obligation for which the mortgage is security has been defaulted and the sale was conducted according to law and the terms of the mortgage.

Notice of Default was filed with the Office of the Recorder, Department of Land Management, Government of Guam, on December 27, 2006, under Instrument No. 747873. The Grantor was provided a copy of the Notice of Default by certified mail. The Grantor was given notice of the time and place of the sale of the property by certified mail and such notice was filed with the Department of Land Management, Government of Guam, under Instrument No. 751473 on May 3, 2007, and was further published in accordance with the Mortgage.

On July 30, 2007, at 2:00 P.M., the time set for the sale at the United States District Court, District of Guam, (the sale was postponed from April 20, 2007), the property was sold at public auction, in full accordance of law and the terms of the mortgage. The Grantee was the highest bidder at the sale and became the purchaser, the amount bid being $299,543.00.

IN WITNESS WHEREOF, Grantor has caused these presents to be duly executed as of this 6th day of August, 2007.

GRANTOR:

JJ PACIFIC DEVELOPMENT CORPORATION through LPP MORTGAGE LTD.

BY: 760716

LPP MORTGAGE LTD., fka LOAN
PARTICIPANT PARTNERS, LTD.
By Property Acceptance Corp.
It's General Partner

By: _____
Clark E. Enright
Sr. Vice President
Beal Service Corporation
Authorized Representative


STATE OF TEXAS              )
                            )    ss:
COUNTY OF COLLIN            )


     ON THIS 6th day of August 2007, before me, a
Notary Public in and for the State of Texas, personally
appeared Clark E. Enright, Sr. Vice President of Beal Service
Corporation, the Authorized Representative of LPP Mortgage
Ltd., and acknowledged to me that he executed this deed on
behalf of LPP Mortgage Ltd., on behalf of JJ Pacific
Development Corporation as attorney-in fact for JJ Pacific
Development Corporation. The Power of Attorney is set forth in
the mortgage dated January 20, 1993 and filed under Instrument
No. 495001.

     IN WITNESS WHEREOF, I have hereunto set my hand
and affixed my official seal the day and year first above
written.

_____
Notary Public



MARCIA L. RODGERS
Notary Public, State of Texas
My Commission Expires
September 26, 2010

F= 760716

STATEMENT RE: AVAILABILITY OF WATER AND POWER

       GRANTEE STATES THAT WATER AND POWER (ELECTRICITY) ARE AVAILABLE ON THE PROPERTY OR WITHIN 100 FEET OF THE PROPERTY.


                         GRANTEE:


                         LPP MORTGAGE LTD., fka LOAN
                         PARTICIPANT PARTNERS, LTD.
                         By Property Acceptance Corp.
                         It's General Partner

Dated: 8-6-07          By: Clark E. Enright
                         Clark E. Enright
                         Sr. Vice President
                         Beal Service Corporation
                         Authorized Representative


**Acknowledgement**


STATE OF TEXAS     )
                    )   ss:
COUNTY OF COLLIN   )

       The foregoing instrument was acknowledged before me on August 6, 2007 by Clark E. Enright, Sr. Vice President of Beal Service Corporation, the Authorized Representative of LPP Mortgage Ltd. on behalf of LPP Mortgage Ltd.


                         Notary Public

F: 760716

MARCIA L. RODGERS
Notary Public, State of Texas
My Commission Expires
September 26, 2010

# EXHIBIT "D"

# McCULLY & BEGGS, P.C.
## ATTORNEYS AT LAW

DUNCAN G. McCULLY
MARK S. BEGGS

SUITE 200, 139 MURRAY BOULEVARD
HAGATNA, GUAM 96910

TELEPHONE:
(671) 477-7418
TELECOPIER:
(671) 472-1201
EMAIL:
mblaw@kuentos.guam.net

September 13, 2007

<u>Via Hand Delivery</u>

THE VAN DE VELD LAW OFFICES
.123 Hernan Cortes Ave.
Hagatna, Guam   96910

Attention: Curtis C. Van de veld

RE: <u>LPP Mortgage Ltd./JJ Pacific Development</u>

Dear Curtis:

    This office continues to represent LPP Mortgage Ltd. and Beal
Service Corporation.  This letter is being sent in furtherance of
my e-mail message to you of September 5, 2007.

    Our clients will not be responding to your clients' attempt to
"redeem" the foreclosed property.  This is because there does not
appear to be a right of redemption to exercised.  The District
Court of Guam has clearly ruled that there is no right of
redemption following a non-judicial foreclosure.  <u>Y'Aleman v. Chase
Manhattan Bank</u>, 414 F. Supp. 93 (D. Guam 1975).  The Guam Supreme
Court in *dicta* has hinted to the contrary.  <u>Paulino v. Biscoe</u>, 2000
Guam 13.  Most recently, however, the Guam Supreme Court has stated
only that there "may" be a right of redemption.  <u>Bank of Guam v.
Del Priore</u>, 2001 Guam 10.  Therefore, the nature and existence of
a right of redemption following a non-judicial foreclosure is not
clear, at least at the Guam appellate level.

    At the trial level, one Superior Court judge, Michael J.
Bordallo, has held that a right of redemption exists after a non-
judicial foreclosure pursuant to 7 G.C.A. Section 23123.  This is
despite the fact that this statute by its language applies only in

**RECEIVED**

SEP 1 3 2007

THE VANDEVELD LAW OFFICES, P.C.

BY                    TIME 4:07 PM

# EXHIBIT "E"



**Realty Management Company, Inc**
Felix Bldg. #701
South Marine Dr.
P.O. Box 7988
Tamuning, Guam 96931
Website: http://www.guamproperties.com/
Email: remco@ite.net
Business: (671) 647-5003
Fax: (671) 646-6604

September 18, 2007

To All Tenant's
JJ Pacific Development Corp.
Maite GU 96910

Ref: New Ownership of the Building Maite

Dear Tenant's,

This is to inform you that the building you are occupying has been foreclosed and our office is the new management company for the building. Therefore effective immediately we ask that all rental payments be made to our office. All future payments are to be made to Century 21 Realty Management. We are located in Tamuning next to Bank of Hawaii.

The new owners are will to honor your lease agreement on month to month bases to include the term, condition and security deposit, **_provided_** that you provide us with a copy of your lease agreement.

If you wish to review the deed please let us know. Should you have any questions, please feel to give us a call.

Sincerely,

Fred Aguon Jr.
Property Manager

Cc: Owner/C. Felix/Accounting Dept
File: New Ownership Maite Bldg07.Beal Bank

THE VAN DE VELD LAW OFFICES
Attention: Curtis C. Van de veld
September 13, 2007
Page 2

a judicial sale setting. Section 23123 gives a right of redemption only to: a) the judgment debtor and b) a junior lienholder. Neither JJ Pacific Development, James Ji Enterprises nor James Ji Foundation are judgment debtors or junior lien holders. Therefore, we can only come to the conclusion that none of your clients possess a right to redeem the foreclosed property. We feel that should this matter come before the Guam Supreme Court that it would look at the plain language of Section 23123 and agree.

It is our clients' intention to take control of the foreclosed property because it now has title. It has hired Century 21/Realty Management to manage the property. Please contact me if you want to discuss this matter and feel free to bring any law or facts to my attention that run contrary to our opinion on the right of redemption issue.

Sincerely,

Mark S. Beggs

cc: Bill Scott
    Mike Wyant
    Chris Felix
    fb BBC-38