**FILED**
**DISTRICT COURT OF GUAM**

DEC 26 2007

**JEANNE G. QUINATA**
**Clerk of Court**

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JJ PACIFIC DEVELOPMENT CORPORATION, | ) CIVIL CASE NO. 07-00029 |
| Plaintiff & Counterclaim Defendant, | ) ) ) ) |
| vs. | ) **ANSWER & COUNTERCLAIMS** |
| LPP MORTGAGE LTD., | ) ) |
| Defendant & Counterclaim Plaintiff, | ) ) ) |

**ANSWER**

**FIRST DEFENSE**

Defendant ("LPP Mortgage") admits the allegations contained in Paragraphs 5, 6, 7, 11 and 21 of the complaint; admits the allegation of Paragraph 3 that LPP Mortgage holds mortgages that were assigned to it by SBA; admits the allegations of Paragraph 4 but affirmatively alleges that the promissory note was executed by James Ji Enterprises, Inc. and that the assignment took place on August 31, 2000; admits the allegation of Paragraph 10 that LPP Mortgage claims a fee simple interest; alleges that it is without

**ORIGINAL**

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27; alleges that it without knowledge or information sufficient to form a belief as to the allegation contained in Paragraph 2 that Plaintiff ("JJ Pacific") is a Guam corporation; admits and denies the allegations of Paragraphs 12, 17, 20, 24 and 28 as they are admitted and denied elsewhere in this answer; and denies each and every other allegation contained in the complaint.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

JJ Pacific is barred from seeking any relief pursuant to the doctrines of waiver and estoppel.

### FOURTH DEFENSE

There is no right of redemption under Guam law following a private power of sale foreclosure.

### FIFTH DEFENSE

If JJ Pacific held a right of redemption under Guam law then it failed to properly exercise it.

### SIXTH DEFENSE

The complaint is barred by the defense of accord and satisfaction.

2

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

#### SEVENTH DEFENSE

The complaint is barred by the defense of laches.

#### EIGHTH DEFENSE

The complaint is barred by the doctrine of unclean hands.

#### NINTH DEFENSE

Any and all actions or failures to act by LPP Mortgage were not the proximate cause of any injury or damage suffered by JJ Pacific.

#### TENTH DEFENSE

JJ Pacific is barred from obtaining any relief as pleaded in the Complaint because of its failure to take steps to mitigate any damages.

#### ELEVENTH DEFENSE

JJ Pacific is barred from obtaining any relief because it has defaulted in the promissory note and mortgage that are held by LPP Mortgage.

#### TWELFTH DEFENSE

To the extent that JJ Pacific is found to have been damaged by any action or inaction of LPP Mortgage, LPP Mortgage is entitled to off-set such damages by an amount owed by LPP Mortgage to JJ Pacific.

///

////

3

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

#### THIRTEENTH DEFENSE

Allowing JJ Pacific to recover from LPP Mortgage would result in JJ Pacific being unjustly enriched.

#### FOURTEENTH DEFENSE

JJ Pacific has no right to seek any relief whatsoever in any court of Guam because of its failure to obtain the necessary business licenses as required by Guam law.

#### FIFTEENTH DEFENSE

This action has not been brought by the real party in interest.

#### COUNTERCLAIMS

#### COUNT I (DECLARATORY RELIEF)

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332, 28 U.S.C. Section 1441 and 48 U.S.C. Section 1424(b).

2. Counterclaim Plaintiff, LPP Mortgage Ltd. ("LPP Mortgage") is a limited partnership organized and existing under the laws of Texas.

3. Upon information and belief, Counterclaim Defendant, JJ Pacific Development ("JJ Pacific") is a corporation organized under the laws of Guam.

////

4

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

4.    On January 20, 1993, James Ji Enterprises, Inc. ("James Ji Enterprises"), executed and delivered to United States Small Business Administration ("SBA") a promissory note ("Note"). A copy of the Note is attached as Exhibit A.

5.    In order to secure the repayment of the Note, JJ Pacific gave to SBA a mortgage in real property ("Property") located on Guam. A copy of the Mortgage is attached as Exhibit B.

6.    On August 3, 2000, the Note and Mortgage were assigned for valuable consideration by SBA to LPP Mortgage. A copy of the Note Endorsement is attached as Exhibit C and a copy of the Assignment of Mortgages and Liens is attached as Exhibit D. A copy of the Correction of Assignment of Notes and Liens (Mortgage) is attached as Exhibit E. LPP Mortgage currently holds both the Note and Mortgage.

7.    James Ji enterprises defaulted in its obligations under the Note and the balance due was accelerated on or about December 27, 2006.

8.    As is allowed by Paragraph 3 (II) of the Mortgage, LPP Mortgage commenced foreclosure of the Mortgage by exercising the power of sale that is contained in the Mortgage.

9.    After following the notice requirements contained in Paragraph 3 (II) of the Mortgage, LPP Mortgage conducted a foreclosure sale concerning the Property on July 30, 2007. LPP

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

5

Mortgage was the only party present at the sale and submitted a bid of $299,543.00 as a credit against the balance that was then due on the Note and Mortgage. At the time of the sale, the balance due on the Note and Mortgage was $340,529.33.

10. Pursuant to the power of attorney that is contained in Paragraph 3(II) of the Mortgage, LPP Mortgage recorded a foreclosure deed conveying title to the Property from JJ Pacific to LPP Mortgage. A copy of the deed is attached as Exhibit F.

11. The foreclosure process conveyed fee simple title in the Property to LPP Mortgage free of any rights of JJ Pacific. As a result, LPP Mortgage is entitled to all rents and profits derived from the Property and is entitled to immediate possession.

12. JJ Pacific has purported to exercise a right to redeem the Property. LPP Mortgage does not believe that JJ Pacific is entitled to redeem the Property under Guam law. Therefore, an actual controversy exists between the parties for which LPP Mortgage has no adequate remedy at law other than to seek a declaration from this court as to the redemption rights, if any, that may be exercised by JJ Pacific.

COUNT II (SLANDER OF TITLE)

13. LPP Mortgage realleges Paragraphs 1 through 12.

14. JJ Pacific has recorded a Notice of *Lis Pendens* against the Property. In this document, JJ Pacific claims a lien against

6

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

3

4  the Property.  This claim is without factual or legal basis,

5  constitutes a slander on the title of LPP Mortgage in the Property

6  and has caused damage to LPP Mortgage.

7                    COUNT III (DEFICIENCY JUDGMENT)

8       15.  LPP Mortgage realleges Paragraphs 1 through 12.

9       16.  After giving JJ Pacific credit against the balance due on

10  the Note for the amount that was bid a the foreclosure sale, there

11  remains a balance due of $40,986.33.  JJ Pacific owes this amount

12  to LPP Mortgage pursuant to the terms of the Note and Mortgage,

13  plus interest at the rate of 4% *per annum* from the date of the

14  foreclosure sale as is allowed by the Note.

15       17.  According to the Note and Paragraph 4 of the Mortgage,

16  LPP Mortgage is entitled to recover attorney fees that may be

17  incurred in its enforcement of the Note and Mortgage.

18                    COUNT IV (WRONGFUL OCCUPATION)

19       18.  LPP Mortgage realleges Paragraphs 1 through 12.

20       19.  The foreclosure sale operated to divest JJ Pacific of

21  title to the Property.  At that point, LPP Mortgage became entitled

22  to possession of the Property and all rents derived from it.  JJ

23  Pacific, however, has prevented LPP Mortgage from taking possession

24  of the Property and collecting rent from the tenants who have

25  rented space within the commercial building that is located on the

26  Property.

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

7

20.   Under 20 G.C.A. Section 2226, JJ Pacific is liable to LPP Mortgage for detriment caused by its wrongful occupation of the Property, which is deemed to be the value of the use of the Property for the time of such occupation and the cost of recovering possession.

### COUNT V (RECOVERY OF RENT)

21.   LPP Mortgage realleges Paragraphs 1 thorough 12.

22.   Paragraph 2 of the Mortgage provides that LPP Mortgage shall be the owner of all rents and profits that may accrue from the Property after default in the Note and Mortgage.   JJ Pacific defaulted in its performance of the Note and Mortgage on or about April 20, 2006 and failed to cure this default.   Therefore, LPP Mortgage is entitled to judgment for all rents and profits derived from the Property after default.

WHEREFORE, LPP Mortgage prays for judgment as follows:

1.   A declaration that the title of JJ Pacific in the Property has been foreclosed in favor of LPP Mortgage and that JJ Pacific has no right to redeem its title.

2.   A deficiency judgment for all amounts owed on the Note and Mortgage according to proof.

3.   General, special, consequential and exemplary damages according to proof.

////

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

8

4.    An order declaring the Notice of *Lis Pendens* void and of no effect.

5.    Attorney fees and costs.

6.    Statutory post-judgment interest.

7.    The appointment of a receiver during the pendency of this action.

8.    Other and further relief as the court may deem proper.
        Dated this 26th day of December 2007.

McCULLY & BEGGS, P.C.
Attorneys for LPP Mortgage Ltd.


BY:
    MARK S. BEGGS

f# BBC-38

McCULLY & BEGGS, P.C.
ATTORNEYS AT LAW
SUITE 200, 139 MURRAY BOULEVARD
AGANA, GUAM 96910
PHONE: (671) 477-7418, 472-5685

9



**U.S. SMALL BUSINESS ADMINISTRATION**

**NOTE**

(FOR DISASTER LOANS ONLY)

**Sacramento, California**
(City and State)

$ **500,000.00**

(Date) **January 20**, 19 **93**

For value received, the undersigned promises to pay to the order of _____

**SMALL BUSINESS ADMINISTRATION**
(Payee)

at its office in the city of _____ **Denver** , State of _____ **Colorado 80259** _____

or at holder's option, at such other place as may be designated from time to time by the Holder or Small Business Administration

**Five Hundred Thousand and No/100—————————————————————————————————————— dollars,**
(Write out amount)

with interest on unpaid principal computed from the date of each advance to the undersigned at the Annual Percentage Rate, of

____ **4%** percent per annum, payment to be made in installments as follows:

$ **2,516.00** , including principal and interest, payable monthly, beginning

**twelve (12) months** from the date hereof; the balance of principal and interest to be paid in full _____

**Thirty** ( **30** ) year(s) from the date hereof; with the further provision that each said installment

shall be applied first to accrued interest, and the balance , if any, to principal.

Payment of any installment of principal or interest owing on this Note may be made prior to the maturity date thereof without penalty.

The term "Indebtedness" as used herein shall mean the indebtedness evidenced by this Note, including principal, interest, and expenses whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted. The term "Collateral" as used in this Note shall mean any funds, guaranties, or other property or rights therein of any nature whatsoever or the proceeds thereof which may have been, are, or hereafter may be, hypothecated, directly or indirectly by the undersigned or others, in connection with, or as security for, the Indebtedness or any part thereof. The Collateral, and each part thereof, shall secure the Indebtedness and each part thereof. The covenants and conditions set forth or referred to in any and all instruments of hypothecation constituting the Collateral are hereby incorporated in this Note as covenants and conditions of the undersigned with the same force and effect as though such covenants and conditions and conditions were fully set forth herein.

The Indebtedness shall immediately become due and payable, without notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or involuntary, for the undersigned or for any of property of the undersigned, or upon the filing of a petition by or against the undersigned under the provisions of any State insolvency law or under the provisions of the Bankruptcy Act of 1898, as amended, or upon the making by the undersigned of an assignment for the benefit of creditors. Holder is authorized to declare all or any part of the Indebtedness immediately due and payable upon the happening of any of the following events: (1) Failure to pay any part of the Indebtedness when due; (2) nonperformance by the undersigned of any agreement with, or any condition imposed by, Holder, or Small Business Administration (hereinafter called "SBA"), or either of them, with respect to the Indebtedness; (3) Holder's discovery of the undersigned's failure in any application of the undersigned to Holder or SBA to disclose any fact deemed by Holder to be material or of the making therein or in any of the said agreements, or in any affidavit or other documents submitted in connection with said application or the indebtedness, of any misrepresentation by, on behalf of, or for the benefit of the undersigned; (4) the reorganization (other than a reorganization pursuant to any of the provisions of the Bankruptcy Act of 1898, as amended) or merger or consolidation of the undersigned (or the making of any agreement therefor) without the prior written consent of Holder; (5) the undersigned's failure duly to account, to Holder's satisfaction, at such time or times as Holder may require, for any of the Collateral, or proceeds thereof, coming into the control of the undersigned; or (6) the institution of any suit affecting the undersigned deemed by Holder to affect adversely its interest hereunder in the Collateral or otherwise. Holder's failure to exercise its rights under this paragraph shall not constitute a waiver thereof.

EXHIBIT A

SBA FORM 155 (5-85) USE PREVIOUS EDITIONS ARE OBSOLETE

upon the nonpayment of the Indebtedness, or any part thereof, when due, whether by acceleration or otherwise, Holder is empowered to sell, assign, and deliver the whole or any part of the Collateral at public or private sale, without demand, advertisement or notice of the time or place of sale or of any adjournment thereof, which are hereby expressly waived. After deducting all expenses incidental to or arising from such sale or sales, Holder may apply the residue of the proceeds thereof to the payment of the Indebtedness, as it shall deem proper, returning the excess, if any, to the undersigned. The undersigned hereby waives all right of redemption or appraisement whether before or after sale.

Holder is further empowered, to collect or cause to be collected or otherwise to be converted into money all or any part of the Collateral, by suit or otherwise, and to surrender, compromise, release, renew, extend, exchange, or substitute any item of the Collateral in transactions with the undersigned or any third party, irrespective of any assignment thereof by the undersigned, and without prior notice to or consent of the undersigned or any assignee. Whenever any item of the Collateral shall not be paid when due, or otherwise shall be in default, whether or not the Indebtedness, or any part thereof, has become due, Holder shall have the same rights and powers with respect to such item of the Collateral as are granted in respect thereof in this paragraph in case of nonpayment of the Indebtedness, or any part thereof, when due. None of the rights, remedies, privileges, or powers of Holder expressly provided for herein shall be exclusive, but each of them shall be cumulative with and in addition to every other right, remedy, privilege, and power now or hereafter existing in favor of Holder, whether at law or in equity, by statute or otherwise.

The undersigned agrees to take all necessary steps to administer, supervise, preserve, and protect the Collateral; and regardless of any action taken by Holder, there shall be no duty upon Holder in this respect. The undersigned shall pay all expenses of any nature, whether incurred in or out of court, and whether incurred before or after this Note shall become due at its maturity date or otherwise, including but not limited to reasonable attorney's fees and costs, which Holder may deem necessary or proper in connection with the satisfaction of the Indebtedness or the administration, supervision, preservation, protection of (including, but not limited to, the maintenance of adequate insurance) or the realization upon the Collateral. Holder is authorized to pay at any time from and from time to time any or all of such expenses, add the amount of such payment to the amount of the Indebtedness, and charge interest thereon at the rate specified herein with respect to the principal amount of this Note.

The security rights of Holder and its assigns hereunder shall not be impaired by Holder's sale, hypothecation or rehypothecation of any note of the undersigned or any item of the Collateral, or by any indulgence, including but not limited to (a) any renewal, extension, or modification which Holder may grant with respect to the Indebtedness or any part thereof, or (b) any surrender, compromise, release, renewal, extension, exchange, or substitution which Holder may grant in respect of the Collateral, or (c) any indulgence granted in respect of any endorser, guarantor, or surety. The purchaser, assignee, transferee, or pledgee of this Note, the Collateral, any guaranty, and any other document (or any of them), sold, assigned, transferred, pledged, or repledged, shall forthwith become vested with and entitled to exercise all the powers and rights given by this Note and any application of the undersigned to Holder or SBA, as if said purchaser, assignee, transferee, or pledgee were originally named as Payee in this Note and in said application or applications.

This promissory note is given to secure a loan which SBA is making or in which it is participating and, pursuant to Part 101 of the Rules and Regulations of SBA (13 C.F.R. 101.1(d)), this instrument is to be construed and (when SBA is the Holder or a party) is intended) enforced in accordance with applicable Federal law.

The undersigned understands and agrees that it is mandatory that all receipts, records, and each other evidence as is necessary and satisfactory to Small Business Administration be retained for 3 years from the date of the final disbursement on said note, which evidence shall indicate that the funds received have been used as directed by the authorization. Failure to furnish such evidence when requested shall raise a presumption that the proceeds of the loan have been wrongfully misapplied.

The undersigned understands and agrees that in the event he wrongfully misapplies the proceeds of the loan obtained, he shall be civilly liable to the Administration in an amount equal to one and one half (1½) times the original principle amount of the loan. It is understood that the term "Indebtedness" as defined above shall include this amount, if imposed by the Administration

## NOTICE OF RIGHT OF RESCISSION

You have a legal right under Federal Law to cancel this transaction. If you desire to do so, with out any penalty or obligation within three (3) business days from date of this note.

No finance charge has been made for this transaction.

Individual

Corporate Execution

Corporate Seal

James Ji Enterprises, Inc.

By: _____

James D. J. Ji, President

By: _____

In Chun Ji, Secretary

Dated this _____ day of _____ 19_____.

Note.— Corporate applicants must execute Note, in corporate name, by duly authorized officer, and seal must be affixed and duly attested; partnership applicants must execute Note in firm name, together with signature of a general partner.

PAGE 2

JI, James D.
James Ji Enterprises, Inc.
DLB 54629530-10
2593-2766

COPY

# MORTGAGE
### (Direct)

This mortgage made and entered into this 20th day of January
19 93 , by and between J.J. Pacific Development Corporation
P.C. Box 6403 Tamuning, Guam 96931
(hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the
Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and
place of business at Pacific Daily News Building, Room 508, 238 Archbishop F.C. Flores Street
Agana, Guam 96910

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the
mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all
of the following described property situated and being in the Municipality/Village of Sinajana
Territory of Guam,

That certain piece or parcel of land situated in the Municipality of Sinajana,
Territory of Guam, designated by Cadastral Lot Number 1130-2-4, Mapas, Sinajana,
Guam, Estate No. 62750, Suburban, containing an area of 21,528± sq.ft./2,000±
sq. m., as shown on Map Dwg. No. 022485, prepared by D.L. Botson RLS No.
18, dated October 17, 1974.

TERRITORY OF GUAM, DEPARTMENT OF LAND MANAGEMENT
OFFICE OF THE RECORDER
INSTRUMENT NUMBER 495001
This instrument was filed for record on _____ 17
Day of _____ Sept, 19 93 , at 1:14 P.M.
and duly recorded in Book _____ De Officio _____ at Page
_____ , Recording Fee _____ Voucher No.
Joel Cruz

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, light-
ing, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby
declaring that it is intended that the items herein enumerated shall be deemed to have been permanently in-
stalled as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and
appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and re-
versions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above
described property (provided, however, that the mortgagor shall be entitled to the possession of said property
and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same
unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate,
if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said
property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds
himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against
the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated January 20, 1993
in the principal sum of $ 500,000.00 , signed by James D.J. Ji, President & In Chun Ji, Secretary
in behalf of James Ji Enterprises, Inc.and a guaranty signed by James D.J. Ji and Young Hee Ji
and J.J. Pacific Development Corporation securing said Promissory Note.

EXHIBIT B



1. The mortgagor covenants and agrees as follows:

    *a.* He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided

    *b.* He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the said mortgagee.

    *c.* He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

    *d.* For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

    *e.* The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

    *f.* He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

    *g.* He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

    *h.* He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

    *i.* He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

    *j.* All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

    *k.* The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

    2. Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

3. The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement) :

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a) ; or

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal, county, or city courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4. The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5. In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement.

6. In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7. The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8. No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9. In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1(d) ], this instrument is to be construed and enforced in accordance with applicable Federal law.

10. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

GPO 877-245

11. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at **P.O. Box 6403 Tamuning, Guam  96931**

and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at

```
Pacific Daily News Building - Room 508
238 Archbishop F.C. Flores Street
Agana, Guam  96910
```

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

J.J. Pacific Development Corporation

By: _____
    Young Hee Ji, President

By: _____
    Hyung H. Lee, Secretary


"Territory of Guam.

On this __15th__ day of __September, 1993__, before me, the undersigned notary, personally appeared __Young Hee Ji__ and __Hyung H. Lee__ _____

_____, the person(s) whose name(s) (is) (are) signed on the preceding or attached document, and acknowledged to me that (he) (she) (they) signed it voluntary for its stated purpose.

_____
official signature and seal of notary

MORTGAGE

to

U.S. SMALL BUSINESS ADMINISTRATION

RECORDING DATA

RETURN TO:

U.S. SMALL BUSINESS ADMINISTRATION

P.O. BOX 58-C

## Corporation

"Territory of Guam.

On this _15TH_ day of _September_, _1993_, before me, the undersigned notary, personally appeared _YOUNG HEE JI & HYUNG H. LEE_, the person(s) whose name(s) (is) (are) signed on the preceding or attached document, and acknowledged to me that (he) (she) (they) signed it voluntarily for its stated purpose as _____ _PRESIDENT / SECRETARY_ for _J.J. PACIFIC DEVELOPMENT_ _____, a corporation.

_Doris A. Cepeda_

official signature and seal of notary



DORIS A. CEPEDA
NOTARY PUBLIC
In and for the Territory of Guam, U.S.A.
My Commission Expires: Nov. 30, 1996
P. O. Box 5_C Agana, Guam 96910

## NOTE ENDORSEMENT
## (SBA Loan Sale #2)

Beal No:2280004004
SBA Loan #:5462953010
Obligor Name:JAMES JI ENTERPRISES, INC.


ENDORSEMENT OF NOTE dated JANUARY 20, 1993, including any assignments thereto and modifications thereof (the "Note").

FROM:    U.S. SMALL BUSINESS ADMINISTRATION ("Assignor").

Pay to the order of LPP MORTGAGE LTD., f/k/a LOAN PARTICIPANT PARTNERS, LTD., a Texas limited partnership ("Assignee"), without recourse and without representation or warranty, whether express, implied or created by operation of law.

Capitalized items used in this Endorsement but not defined in this Endorsement will have the meaning ascribed to them in that certain Loan Sale Agreement dated as of August 3, 2000 by and between Assignor and Assignee.

IN WITNESS WHEREOF, Assignor has caused this Endorsement to be executed and delivered by its duly authorized agent as of the 31st day of August, 2000.


                              U.S. SMALL BUSINESS ADMINISTRATION,
                              as Assignor


Michael G.
_____        By: _____
WITNESS                        Name: Dawn McShirley
                                     Authorized Agent


                              170611                    CO

                              22-80004004

                              JAMES JI ENTERPRISES INC,



BEAL No.: 2280004004
SBA No.: 5462953010
Pool No.: 114
Barcode No.: 170611

Island of Guam, Government of Guam
Department of Land Management Office of The Recorder

File for record is Instrument No. **663554**
on the year 20 02 Month 10 Day 01 Time 3:29
Recording Fee 504- Receipt No. 129030

Deputy Recorder Jane Uyamasaki

**This Document Prepared By and
When Recorded Return/Mail to:**
Wayne Roberts
Carrington Mortgage Services, Inc.
1600 Pacific Avenue, Suite 2070
Dallas, TX 75201      (214) 220-7206

## ASSIGNMENT OF NOTES AND LIENS (MORTGAGE)
### (SBA Loan Sale #2)

THIS ASSIGNMENT OF NOTES AND LIENS (this "Assignment") is made by the U.S. SMALL BUSINESS ADMINISTRATION ("Assignor"), whose address is 490 Third Street, S.W., Washington, D.C. 20416, to LPP Mortgage Ltd. f/k/a Loan Participant Partners, Ltd., a Texas limited partnership, whose address is 6000 Legacy Drive, Plano, Texas 75024-3610 ("Assignee"), pursuant to the terms of that certain Loan Sale Agreement dated as of August 3, 2000 (the "Sale Agreement") between Assignor and Assignee.

THIS ASSIGNMENT WITNESSES THAT, in consideration of Ten Dollars ($10.00) and other good and valuable consideration paid by Assignee, Assignor hereby assigns, transfers, sets over and conveys, effective as of August 31, 2000, to Assignee and its successors and assigns, without recourse and without representation or warranty, whether express, implied or created by operation of law, except as expressly set forth in the Sale Agreement, the following:

1.  that certain MORTGAGE dated January 20, 1993 executed by **J.J. PACIFIC DEVELOPMENT CORPORATION** ("Borrower") and **ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION** ("Lender"), and recorded on September 17, 1993 as Instrument #495001 in Book N/A at Page N/A, of the land records of MUNICIPALITY/VILLAGE OF SINAJANA, GUAM, as amended or modified (the "MORTGAGE"), which secures that certain promissory note dated January 20, 1993 in the amount of $500,000.00 (the "Note"), and encumbers the following described property:

    SEE LEGAL DESCRIPTION ATTACHED AS EXHIBIT "A"

2.  such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the MORTGAGE and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

    **TOTAL AMT DUE: $500,000.00**

**RECEIVED**
McCully and Beggs, P.C.
Date: 7/10/04   4pm

**EXHIBIT D**

**IN WITNESS WHEREOF**, Assignor has caused this Assignment to be executed and delivered by its duly authorized agent as of this 29th day of June, 2001.

U.S. SMALL BUSINESS ADMINISTRATION, as Assignor

By: _____

John Miles, Attorney-in-Fact

**State of TEXAS**

**County of DALLAS**      Before me, the undersigned authority, Notary Public, personally appeared John Miles, who is personally well known to me (or sufficiently proven) to be the Attorney-in-Fact for the U.S. Small Business Administration, and the person who executed the foregoing instrument by virtue of the authority vested in him/her, and s/he acknowledged to me that s/he executed the same for the purposes and consideration therein expressed and in the capacities therein stated.

Given under my hand and seal this 29th day of June, 2001.

Kandra F. Boggus, Notary Public
My Commission Expires: 11-20-2004

KANDRA F. BOGGUS
NOTARY PUBLIC
STATE OF TEXAS
Com. Exp. 11-20-2004

EXHIBIT "A"

That certain piece or parcel of land situated in the municipality of Sinajana, territory of Guam, designated by Cadastral Lot Number P19.1B-2-1New, Sinajana, Guam, Estate No. 55615, Suburban, containing an area of 7,977± square feet/741± square meters, as shown on Drawing No. 18-0676, prepared by Vicente G. Sian, Jr., RLS No. 23.

Recording requested by LPP MORTGAGE LTD. After recordation deliver copies to McCULLY & BEGGS, P.C., Suite 200, Pan American Building, 139 Murray Blvd., Hagatna, Guam 96910. The real property affected by this instrument is registered land, the registered owner being JJ PACIFIC DEVELOPMENT CORP. The certificate of last registration is 79800.

Island of Guam. Government of Guam
Department of Land Management Office of the Recorder

**753171**

File for Record is Instrument

On the Year _07_ Month _04_ in _05_ _2:27_

Recording Fee _0_ Receipt No.

Deputy Recorder

## CORRECTION OF ASSIGNMENT OF NOTES AND LIENS (MORTGAGE)

The property description that is contained in Exhibit A to the Assignment of Notes and Liens (Mortgage) that is dated June 29, 2001 and was recorded with the Department of Land Management, Government of Guam, on October 1, 2002 as Instrument No. 663554 is corrected to read as follows:

Lot No. 1130-2-4, Mongmong-Toto-Maite (formerly Sinajana), Guam, Estate No. 62750, Suburban, as said lot is marked and designated on the Map Drawing No. 022485, dated October 17, 1974 and recorded in the Department of Land Management, Government of Guam, as Instrument No. 364669. Area: 21,528± square feet or 2,000± square meters.

UNITED STATES SMALL BUSINESS
ADMINISTRATION

Dated: _3/2/07_ BY: _____

KENNETH Q. LUJAN,
Branch Manager.

**EXHIBIT _E_**

GUAM                    )    ss:

ON THIS **5th** day of **March 2007**, before me, a Notary Public in and for Guam, personally appeared KENNETH Q. LUJAN, the Branch Manager of U.S. Small Business Administration, whose name is subscribed to the foregoing instrument and acknowledged to me that he subscribed his name for the uses and purposes stated herein.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.



_____
Notary Public

PATRICIA M. GARCIA
NOTARY PUBLIC
In and for Guam, USA
My Commission Expires Oct. 7, 2007
FHB Bldg, Suite 303
400 Rt. 8 Hagatna, Guam 96910

LPP MORTGAGE LTD.
By: Property Acceptance Corp., its General Partner

Dated: **March 26, 2007** BY: _____
Its authorized representative.
**Clark E. Enright, Sr. Vice President
Beal Service Corporation
Authorized Representative**

STATE OF TEXAS      )
                    )    ss:
COUNTY OF COLLIN    )

ON THIS **26** day of **March 2007**, before me, a Notary Public in and for the State of Texas, personally appeared **Clark E. Enright**, the ~~authorized representative~~* of LPP Mortgage Ltd., whose name is subscribed to the foregoing instrument and acknowledged to me that she subscribed her name for the uses and purposes stated herein.
**\* Sr. Vice President of Beal Service Corporation, Authorized Representative of Property Acceptance Corp, General Partner**

BBC-38 Assignment Correction (2).doc

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.



Notary Public    _Linda Hilton_

Recording requested by LPP MORTGAGE LTD. After recordation deliver copies to McCULLY & BEGGS, P.C., Suite 200, Pan American Building, 139 Murray Blvd., Hagatna, Guam 96910. The real property affected by this instrument is registered land. The registered owner is JJ PACIFIC DEVELOPMENT CORP. The last certificate of title is 79800.

Island of Guam, Government of Guam
Department of Land Management Office of the Recorder
File for Record Instrument No. 760716
On the Year 07 Month 08 Day 29 Time 8:59
Recording Fee
Deputy Recorder
MARIA L. NGATA

## DEED PURSUANT TO EXERCISE OF
## POWER OF SALE IN MORTGAGE

TO ALL TO WHOM THESE PRESENTS MAY COME, GREETINGS:

KNOW YE, that JJ PACIFIC DEVELOPMENT CORPORATION, ("Grantor"), whose mailing address is: P.O. Box 6403, Tamuning, Guam 96911, acting through its Attorney-in-Fact, LPP MORTGAGE LTD., ("Mortgagee"), hereby transfers and conveys without warranty express or implied to LPP MORTGAGE LTD., ("Grantee"), whose address is 6000 Legacy Drive, Plano, Texas 75024, all that real property described as follows:

> Lot No. 1130-2-4, Mongmong-Toto-Maite (formerly Sinajana), Guam, Estate No. 62750, Suburban, as said lot is marked and designated on Map Drawing No. 022485, dated October 17, 1974 and recorded in the Department of Land Management, Government of Guam, as Instrument No. 364669. Area: 2,000± square meters.

This conveyance is made pursuant to the powers conferred on the Mortgagee (Grantee being the current Mortgagee) by the mortgage executed by Grantor, as Mortgagors,

to U.S. Small Business Administration (the "SBA"), as Mortgagee, on January 20, 1993 and filed with the Department of Land Management, Government of Guam, on September 17, 1993 as Instrument No. 495001. The mortgage was assigned for valuable consideration by the SBA to Grantee by an assignment executed on June 29, 2001 and recorded with the Department of Land Management, Government of Guam, on October 1, 2002 as Instrument No. 663554 as corrected by the Correction of Assignment of Notes and Liens Mortgage) which was executed on March 2, 2007 and recorded with the Department of Land Management, Government of Guam, on April 3, 2007 as Instrument No. 753171.

This conveyance is made as authorized by Paragraph 3 of the Mortgage and all of the conditions precedent to this conveyance have been fulfilled in that the obligation for which the mortgage is security has been defaulted and the sale was conducted according to law and the terms of the mortgage.

Notice of Default was filed with the Office of the Recorder, Department of Land Management, Government of Guam, on December 27, 2006, under Instrument No. 747873. The Grantor was provided a copy of the Notice of Default by certified mail. The Grantor was given notice of the time and place of the sale of the property by certified mail and such notice was filed with the Department of Land Management, Government of Guam, under Instrument No. 751473 on May 3, 2007, and was further published in accordance with the Mortgage.

On July 30, 2007, at 2:00 P.M., the time set for the sale at the United States District Court, District of Guam, (the sale was postponed from April 20, 2007), the property was sold at public auction, in full accordance of law and the terms of the mortgage. The Grantee was the highest bidder at the sale and became the purchaser, the amount bid being $299,543.00.

IN WITNESS WHEREOF, Grantor has caused these presents to be duly executed as of this 6th day of August, 2007.

GRANTOR:

JJ PACIFIC DEVELOPMENT CORPORATION through LPP MORTGAGE LTD.

LPP MORTGAGE LTD., fka LOAN
PARTICIPANT PARTNERS, LTD.
By Property Acceptance Corp.
It's General Partner

By: _____
Clark E. Enright
Sr. Vice President
Beal Service Corporation
Authorized Representative


STATE OF TEXAS               )
                             )   ⋅  ss:
COUNTY OF COLLIN             )


ON THIS 6th day of August 2007, before me, a
Notary Public in and for the State of Texas, personally
appeared Clark E. Enright, Sr. Vice President of Beal Service
Corporation, the Authorized Representative of LPP Mortgage
Ltd., and acknowledged to me that he executed this deed on
behalf of LPP Mortgage Ltd., on behalf of JJ Pacific
Development Corporation as attorney-in fact for JJ Pacific
Development Corporation. The Power of Attorney is set forth in
the mortgage dated January 20, 1993 and filed under Instrument
No. 495001.

IN WITNESS WHEREOF, I have hereunto set my hand
and affixed my official seal the day and year first above
written.

_____
Notary Public

MARCIA L. RODGERS
Notary Public, State of Texas
My Commission Expires
September 26, 2010

Foreclosure Deed1.doc

STATEMENT RE: AVAILABILITY OF WATER AND POWER

GRANTEE STATES THAT WATER AND POWER (ELECTRICITY) ARE AVAILABLE ON THE PROPERTY OR WITHIN 100 FEET OF THE PROPERTY.

GRANTEE:

LPP MORTGAGE LTD., fka LOAN
PARTICIPANT PARTNERS, LTD.
By Property Acceptance Corp.
It's General Partner

Dated: _8-6-07_

By: _____
Clark E. Enright
Sr. Vice President
Beal Service Corporation
Authorized Representative

**Acknowledgement**

STATE OF TEXAS        )
                      )     ss:
COUNTY OF COLLIN      )

The foregoing instrument was acknowledged before me on August 6, 2007 by Clark E. Enright, Sr. Vice President of Beal Service Corporation, the Authorized Representative of LPP Mortgage Ltd. on behalf of LPP Mortgage Ltd.

_____
Notary Public

MARCIA L. RODGERS
Notary Public, State of Texas
My Commission Expires
September 26, 2010

Foreclosure Deed1.doc